Cite as 2022 Ark. App. 335

# ARKANSAS COURT OF APPEALS

No. CV-22-315

| | | |
|---|---|---|
| | | **Opinion Delivered** September 14, 2022 |
| KEVIN CHERI | APPELLANT | MOTION TO FILE TRIAL COURT RECORD UNDER SEAL |
| V. | | |
| LAURA CHERI | APPELLEE | MOTION DENIED WITH INSTRUCTIONS |

## PER CURIAM

Before the court is a motion to seal the record that Mr. Cheri has filed in this case. Having reviewed his motion, the court has decided to address compliance with Arkansas Supreme Court Administrative Order No. 19. A consistent application of an important administrative order is essential. We therefore make clear our decision to apply Admin. Order No. 19 to court records and the briefing process. To that end, the court strongly suggests that bench and bar alike review the administrative order that addresses confidentiality and how to prepare and present records and briefing material that complies with it.

This court's decision-making on "confidentiality" matters should not, absent the extraordinary, be made on a motion-by-motion basis. Instead, the parties to proceedings in circuit courts are responsible for creating and presenting a rules-compliant record to this court when pursuing an appeal. It is not this court's duty to do it on the back end—while using the blunt tool of sealing an entire record—a move that does not tend to meet our

supreme court's stated policy. *See, e.g.*, Comment to Section I., Ark. Sup. Ct. Admin. Order No. 19 ("This order starts from the presumption of open public access to court records. … This order recognizes that there are times when access to information may lead to, or increase the risk of, harm to individuals. However, given the societal interests in access to court records, this order also reflects the view that any restriction to access must be implemented in a manner tailored to serve the interests in open access.")

We list below some salient points from the administrative order to help make the point that confidentiality is not an afterthought on appeal; it is in fact required (when necessary) from the beginning.

● "This order governs access to, and confidentiality of, court records. Except as otherwise provided by this order, access to court records shall be governed by the Arkansas Freedom of Information Act (Ark. Code Ann. §§ 25-19-101, et seq.)." Admin. Order No. 19 § I., A.

● "The purposes of this order are to:
    (1) promote accessibility to court records;
    (2) support the role of the judiciary;
    (3) promote governmental accountability;
    (4) contribute to public safety;
    (5) reduce the risk of injury to individuals;
    (6) protect individual privacy rights and interests;
    (7) protect proprietary business information;
    (8) minimize reluctance to use the court system;
    (9) encourage the most effective use of court and clerk-of-court staff;
    (10) provide excellent customer service; and
    (11) avoid unduly burdening the ongoing business of the judiciary.

*Id*. at I.B.

● "Disputes arising under this order shall be determined in accordance with this order and, to the extent not inconsistent with this order, by all other rules and orders adopted by this Court." *Id*. at I.D.

● "This order applies to all court records; however clerks and courts may, but are not required to, redact or restrict information that was otherwise public in case records and administrative records created before January 1, 2009. However, confidential information shall be redacted from pre-January 1, 2009 case records and administrative records before remote access is available to such records." *Id*. at I.E.

● "If a court record, or part thereof, is rendered confidential by protective order, by this order, or otherwise by law, the confidential content shall be redacted, but there shall be a publicly accessible indication of the fact of redaction. This subsection (C) does not apply to court records that are rendered confidential by expungement or other legal authority that expressly prohibits disclosure of the existence of a record." *Id*. at IV.C.

● "The following information in case records is excluded from public access and is confidential absent a court order to the contrary; *however, if the information is disclosed in open court and is part of a verbatim transcript of court proceedings or included in trial transcript source materials, the information is not excluded from public access*:

  (1) information that is excluded from public access pursuant to federal law;
  (2) information that is excluded from public access pursuant to the Arkansas Code Annotated;
  (3) information that is excluded from public access by order or rule of court;
  (4) Social Security numbers;
  (5) account numbers of specific assets, liabilities, accounts, credit cards, and personal identification numbers (PINs);
  (6) information about cases expunged or sealed pursuant to Ark. Code Ann. §§ 16-90-901, et seq. (repealed 2013), and Ark. Code Ann. §§ 16-90-1401 et seq.;
  (7) notes, communications, and deliberative materials regarding decisions of judges, jurors, court staff, and judicial agencies;
  (8) all home and business addresses of petitioners who request anonymity when seeking a domestic order of protection.

*Id*. at VII.A (emphasis added).

★ ★ ★

Ordinarily, a limited remand should issue so the parties and other stakeholders such as the circuit court, the circuit clerk's office, and the court reporter may take any necessary steps to ensure that the appellant procures a record that complies with Order No. 19. Here, however, there's an additional rub: appellant Mr. Cheri has already filed his principal brief,

one that does not appear to comply with Order No. 19's protections. What this means for his motion, we cannot know. By this we mean that Mr. Cheri did not wait for an answer on his motion before filing a brief that is not Order No. 19 compliant. Nor did he seek a stay of the briefing pending a decision on the motion, so that he would know whether to file a redacted and unredacted brief. Simply put, this court cannot be clear on where things stand from the movant's point of view.

One of two things needs to happen, and soon, to avoid a remand for compliance with Order No. 19. First, the parties can agree that Order No. 19's protections will not be invoked in this appeal because they have been waived (see Order No. 19 § VII). Or, Mr. Cheri can immediately withdraw his motion and proceed as he has been doing. But one of these two options needs to be exercised, and this court's clerk made aware of it, by the end of business on Friday, September 16, 2022. Otherwise, a limited remand will become effective and all proceedings in this case will cease until the Order No. 19 concerns Mr. Cheri raised can be resolved in circuit court.

If a limited remand is triggered, then the record should be redacted in a manner on which the parties can agree, and the circuit court approves. If there can be no party agreement, then the circuit court will order compliance in a way it deems best and in accord with Order No. 19. Assuming a compliant record is returned to this court and Mr. Cheri pursues his appeal further, then all parties must file appellate briefs that also comply with Order No. 19. This has been the required practice for years.

To be clear, two separate records are required when Order No. 19 applies. Both a redacted and unredacted record must be filed with our clerk's office. The unredacted record

will be sealed or otherwise kept confidential. The redacted record will be available for the public's use. In this case, an unredacted and redacted record must be filed with this court's clerk within 45 days from this opinion's date—unless (1) Mr. Cheri withdraws his motion, or (2) the parties otherwise agree to leave the record now on file "as is" and inform this court of that decision. Whichever option is chosen, this court needs to know by the end of business on Friday, September 16, 2022.

Motion denied with instructions.

ABRAMSON, J., not participating.